UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KENNETH P. NELSON, | ) |
|     Plaintiff | ) ) ) |
| v. | )    1:24-cv-00326-LEW ) |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | ) ) ) |
|     Defendant | ) ) |

### RECOMMENDED DECISION ON MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim. (Motion, ECF No. 12.) Following a review of the parties' submissions, I recommend the Court grant the motion.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff applied for disability insurance benefits in 2011.[2] (*See* Plaintiff's Response to Motion to Dismiss at 1, ECF No. 13.) In 2014, an ALJ denied the application. (*Id.*) Plaintiff appealed from the decision to this Court, which affirmed the ALJ's decision. *Nelson v. Colvin*, No. 1:15-cv-450-JAW, 2016 WL 4506976, at *1 (D. Me. Aug. 26, 2016). Plaintiff appealed to the First Circuit, which affirmed the decision, *Nelson v. Berryhill*, No.

---

[1] The facts set forth below are derived from Plaintiff's complaint and the record. Plaintiff's factual allegations are deemed true when evaluating a motion to dismiss. *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017).

[2] Plaintiff appears to have also applied in 2009, but that application is not relevant. (*See* Letter at 1, ECF No. 1-1.)

16-2236, 2018 WL 565777, at *1 (1st Cir. 2018), and then to the United States Supreme Court, which denied certiorari. *Nelson v. Berryhill*, 586 U.S. 883 (2018).

In 2019, Plaintiff again applied for disability insurance benefits.³ (Motion at 1.) In 2023, an ALJ issued a fully favorable decision finding Plaintiff had been disabled since September 1, 2015. (*Id.* at 2; Plaintiff's Response at 12–18.) Upon Plaintiff's request, the Appeals Council reviewed the decision and remanded it for further proceedings. (Motion at 2.) In July 2024, an ALJ issued a new, fully favorable decision again finding Plaintiff disabled since September 1, 2015. (*Id.*)

Plaintiff filed the present complaint on September 18, 2024. Plaintiff cites the date of his receipt of the 2024 decision as evidence that he timely filed his complaint. (Exhibit 1 to Complaint, ECF No. 1-1.) Plaintiff's allegations, however, focus on Defendant's 2014 decision denying Plaintiff's request for benefits. Plaintiff alleges in relevant part:

> The ALJ ignored probative evidence contained within the record that would have changed the outcome. 3 of the medical experts submitted in the chronological medical opinions of record were as stated by the commissioner[']s attorney predated the hearing onset date by more than a year. Brief conclusory statements were mere checking of the boxes are entitled to relatively little weight.
>
> ………
>
> This agency came into this very court and presented flagrant evidence, intentional fraud committed by an officer of the court. Intentional fraud directed at the judicial machinery itself, the intentional fraud deceived the court. That is the Supreme Court[']s prerequisite for a fraud upon the court.
>
> ………

---

³ At this time, Plaintiff also applied for supplemental security income, which application was granted. (Motion at 1–2.)

> The agency cherry-picked, failed to follow their own rules, which are binding on the agency by law, used post hawk [sic] rationales which are forbidden by courts, ignored probative evidence, a neurologist, 2 pain specialists, and a psychiatrist.

(Complaint at 2-3, ECF No. 1.)

### LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), a court "must evaluate whether the complaint adequately pleads facts that 'state a claim to relief that is plausible on its face.'" *Guilfoile v. Shields*, 913 F.3d 178, 186 (1st Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In doing so, a court must "assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom," but need not "draw unreasonable inferences or credit bald assertions [or] empty conclusions."  *Id*. (alteration in original) (internal quotation marks omitted); *see Bruns v. Mayhew*, 750 F.3d 61, 71 (1st Cir. 2014) ("[A] court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Twombly*, 550 U.S. at 555)).  Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To evaluate the sufficiency of the complaint, therefore, a court must "first, 'isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements,' then 'take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief.'"  *Zell v. Ricci*, 957 F.3d 1, 7 (1st Cir. 2020) (alteration omitted) (quoting *Zenon v. Guzman*, 924 F.3d 611, 615-16 (1st Cir. 2019)).

"A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661 at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## DISCUSSION

While the exact nature of Plaintiff's complaint is not entirely clear, Plaintiff apparently asks the Court to review Defendant's most recent administrative decision, reopen his 2011 application, and/or revisit the Court's decision to affirm Defendant's 2014 decision.

**A.  Judicial Review of 2024 Decision**

Pursuant to 42 U.S.C. § 405(g), individuals may obtain judicial review only of "final" decisions of the Commissioner of Social Security. "The 'final decision' required to invoke jurisdiction in a federal court has been interpreted by the Supreme Court to mean 'that the administrative remedies prescribed by the Secretary be exhausted.'" *Serrano v. Astrue*, No. 08-1312(JAG), 2009 WL 890480, at *2 (D.P.R. Mar. 24, 2009) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). To obtain a judicially reviewable "final decision" claimants must complete a four-step administrative review process. *Id.*; 20 C.F.R. § 404.900(a). Those four steps include: (1) initial determination, (2) reconsideration, (3) hearing before an administrative law judge, and (4) Appeals Council review. 20 C.F.R. § 404.900(a)(1–4).

Here, Plaintiff does not assert that he asked the Appeals Council to review the July 2024 decision. The uncontroverted record evidence establishes that Plaintiff did not request a review by the Appeals Council. (Declaration of Arin Levin ¶ 3(d), ECF No. 12-1.). To the extent Plaintiff seeks to challenge the 2024 decision, Plaintiff has failed to exhaust the available administrative remedy and, therefore, has failed to establish that Defendant's 2024 disability determination is a final decision for purposes of judicial review. Because Plaintiff has not exhausted the available administrative process and thus has not presented a final decision for review, dismissal is required.[4] *See Porter v. Social Sec. Admin.*, No. 24-40061-MRG, 2024 WL 3744548, at *2 (D. Mass. Aug. 9, 2024) ("When the complaint fails to allege that a plaintiff has received a final decision from the Social Security Administration, dismissal is required.").

**B.  Reopening of 2011 Application**

Plaintiff argues that the 2023 and 2024 decisions were "de facto reopenings" of his 2011 claim. (Plaintiff's Response at 4.) In support of this argument, Plaintiff cites *Taylor for Peck v. Heckler* in which the court found there had been a de facto reopening when an ALJ did not specifically decline to reopen the prior decision and conducted the only evidentiary hearing in the case. 738 F.2d 1112, 1114–15 (10th Cir. 1984).

---

[4] "[A] party's failure to exhaust all of the steps in the administrative process may be waived by the agency or excused by the courts." *Daniel R. L. v. Saul*, No. 1:20-cv-00258-DBH, 2011 WL 2801954, at *3 (D. Me. July 5, 2021). Courts may waive the exhaustion requirement if (i) the issue on appeal is collateral to the substantive claim for benefits, (ii) the claimant would be irreparably harmed by requiring exhaustion, and (iii) exhaustion would be futile. *Bowen v. City of New York*, 476 U.S. 467, 482–86 (1986); *Justiano v. Social Sec. Admin.*, 876 F.3d 14, 27 (1st Cir. 2017). Plaintiff has demonstrated grounds for a waiver.

Unlike in *Heckler*, here the ALJ who authored the 2024 decision explicitly stated that he was not reopening any prior applications. The ALJ stated that "[a]ny mention of evidence prior to the alleged onset date serves as a longitudinal review of the record rather than an implication that any prior applications have been reopened." (Declaration of Ari Levin at 46.)

A district court may only review Defendant's discretionary decision not to reopen an earlier adjudication if there is "a colorable constitutional claim." *Torres v. Sec'y of Health & Human Servs.*, 845 F.2d 1136, 1138 (1st Cir. 1988); *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Plaintiff has not alleged a constitutional claim. The Court, therefore, lacks jurisdiction to review the ALJ's decision to not reopen the 2011 application.

**C.    Reconsideration of 2014 Decision**

Plaintiff's request to revisit the 2014 decision is essentially a request for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).[5] As noted above, Plaintiff appealed from the 2014 decision to the First Circuit and then to the Supreme Court. The judgment, therefore, became final when the appeal process concluded in 2018.

Rule 60(b) authorizes the Court to relieve a party from a judgment on the grounds of "(1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party, (4) the judgment is void, (5) the

---

[5] To the extent Plaintiff seeks to challenge directly Defendant's 2014 decision, the complaint would be barred by res judicata principles and would likely be time-barred.

judgment has been satisfied; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." A party must file the motion within a reasonable time, and for grounds 1 through 3, the party must file the motion within one year of the judgment. Fed. R. Civ. P. 60(c)(1).

First, Plaintiff filed this action more than a year after judgment entered. In addition, Plaintiff has not asserted any facts that could reasonably be construed as a mistake, newly discovered evidence, or fraud as grounds for relief. In fact, the evidence Plaintiff cites in support of his claim is evidence that Plaintiff contends was available to the ALJ. Furthermore, Plaintiff's mere assertion of fraud is insufficient to support a request for relief from judgment. Plaintiff also has not argued that the judgment in favor of Defendant is void, that the judgment has been satisfied, or that a related judgment has been reversed or vacated. Finally, Plaintiff's contentions do not constitute any "other reason that justifies relief."[6] Plaintiff, therefore, has not asserted facts that would support relief from judgment under Rule 60.

---

[6] Examples of "other" reasons justifying relief under Rule 60(b)(6) include "settlement agreements when one party fails to comply," "fraud by the party's own counsel, by a codefendant, or by a third-party witness," and, most commonly, failure of the losing party "to receive notice of the entry of judgment in time to file an appeal." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure Civ. § 2864 (3d ed. 2012).

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendant's motion to dismiss.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of December, 2024.